**Harjap SINGH, Petitioner,**

v.

**THE BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40400–AG NAC.

United States Court of Appeals, Second Circuit.

March 31, 2006.

Harjap Singh, Elmhurst, New York, for Petitioner, pro se.

John C. Richter, United States Attorney for the Western District of Oklahoma, Stephen K. Mullins, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. THOMAS J. MESKILL, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Harjap Singh, *pro se*, petitions for review of a BIA decision, denying his motion to reopen. We assume the parties' familiarity with the facts and procedural history of the case.

As a preliminary matter, this Court may review only the August 2003 order of the BIA denying Singh's motion to reopen, as the petition for review was timely filed only as to that order. *See* 8 U.S.C. § 1252(b)(1) (stating that a "petition for review must be filed no later than 30 days after the date of the final order of removal").

The BIA correctly determined that Singh's motion to reopen was time-barred, as it was not filed within 90 days of the of the BIA's July 2002 order. *See* 8 C.F.R. § 1003.2(c)(2). The BIA may entertain a time-barred motion to reopen under certain circumstances, such as where the alien can show "a change in circumstances in the country of the alien's nationality after the initiation of the deportation proceedings." *Iavorski v. INS*, 232 F.3d 124, 131 (2d Cir.2000); *see* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion

in declining to apply a regulatory exception, because, as the BIA correctly explained, Singh failed to establish changed circumstances in India. In fact, in his motion to reopen, Singh specifically asserted that circumstances in India had *not* changed since his removal proceedings. Moreover, none of the other regulatory exceptions apply to Singh's case. Therefore, the BIA properly denied Singh's motion to reopen.

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).